# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RYAN KAETZEL, ) | CASE NO. 1:23-cv-01392-BMB |
| Plaintiff, ) | |
| ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. ) | |
| ) | **AMENDED COMPLAINT** |
| CITY OF BEDFORD HEIGHTS, ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. ) | |

Plaintiff Ryan Kaetzel ("Plaintiff"), by and through counsel, for his Complaint against Defendant City of Bedford Heights ("Defendant"), state and allege as follows:

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

4. Plaintiff Ryan Kaetzel is an adult individual residing in Medina County, Ohio.

5. At all times relevant herein, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(s)(1)(c).

**FACTUAL ALLEGATIONS REGARDING UNPAID OVERTIME**

7. Plaintiff Ryan Kaetzel has been employed by Defendant as a Police Officer since 2011. Plaintiff has worked as a K-9 Handler for Defendant since 2018. All these positions are hourly non-exempt positions.

8. As a K-9 Handler, and at all relevant times, Plaintiff has been responsible for the police dog at all times, regardless of whether Plaintiff and the police dog was on-duty or off-duty. At all relevant times, Plaintiff has housed the police dog, and has been responsible for feeding, exercising, training, and grooming the police dog, taking the police dog to veterinary visits as needed, and generally caring for the police dog. At all relevant times, Plaintiff has spent approximately 8 hours per workweek performing these tasks without pay.

9. At all relevant times, Plaintiff's care for and training of the police dog was required by Defendant so that the police dog would be in good health and able to perform the K-9 duties that the police dog performed for Defendant.

10. At all relevant times, Plaintiff's care for and training of the police dog necessarily and primarily benefited Defendant and its law enforcement efforts.

11. At all relevant times, Plaintiff's care for and training of the police dog was an integral and indispensable part of Plaintiff's job as K-9 Handlers.

12. While Plaintiff was employed as a K-9 Handler, he regularly worked in excess of forty hours in one or more workweeks.

13. Plaintiff was not compensated at a rate of one and one-half times his regular rate of pay while caring for and training his police dog, in violation of the FLSA.

14. Approximately three or more years ago, Plaintiff brought to Defendant's attention that Defendant was required to compensate him for the time he spent caring for and training the police dog.

15. Defendant failed to make, keep, and preserve records of the hours Plaintiff worked. As a result, Plaintiff is entitled to submit his own information about the number of hours worked.

16. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**FACTUAL ALLEGATIONS REGARDING UNLAWFUL RETALIATION**

17. Plaintiff's Original Complaint was filed on July 19, 2023.

18. Prior to Plaintiff filing his Original Complaint, Defendant's Chief of Police, Mike Marrota, told Plaintiff that the police department was going to disband the K-9 program. The Chief of Police also told Plaintiff that the department had no use or plans for the dog and that Plaintiff could have his police dog, Bosco.

19. Pursuant to Ohio Revised Code 9.62, Plaintiff is entitled to buy his police dog for $1.00 if the Defendant disbands the K-9 program or if his police dog is unfit for duty or grows too old to be fit for duty.

20. Prior to the filing of the Original Complaint, the Chief of Police told Plaintiff that he could purchase his police dog for $1.00.

21. After Plaintiff filed his Original Complaint, Plaintiff was ordered to return his police dog. Defendant again communicated that Plaintiff could buy the police dog for $1.00 pursuant to Ohio Revised Code 9.62 if he dismissed this lawsuit with prejudice and agreed not to pursue his overtime claim.

22. On July 24, 2023, Plaintiff tendered $1.00 to the Defendant to purchase Bosco. Defendant still, however, refused to sell him Bosco as originally promised and as required by law.

23. Because Plaintiff was ordered to return Bosco, Plaintiff returned Bosco to Defendant July 25, 2023.

24. The actions of Defendant and the Police Chief were taken in retaliation for Plaintiff exercising his statutory rights under the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rate of pay.

27. Defendant violated the FLSA by having Plaintiff perform uncompensated work training and caring for Defendant's police dog.

28. Defendant further violated the FLSA because it failed to account for all hours Plaintiff worked for the purposes of calculating his overtime hours in a workweek.

29. Defendant's practice and policy of not paying Plaintiff for all time worked and all overtime compensation earned at a rate of one and one-half times his regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

30. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

31. By engaging in the above-mentioned conduct, Defendant willfully, knowingly,

4

and/or recklessly violated provisions of the FLSA.

32. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles [him] to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
**(Unlawful Retaliation Under the FLSA)**

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3).

35. Plaintiff was engaged in a statutorily protected activity when he filed his lawsuit for unpaid overtime under the FLSA.

36. Plaintiff suffered an adverse employment action by Defendant's actions described above and will suffer harm as a result of those actions.

37. Plaintiff's protected activity was a motivating factor in Defendant's adverse employment action.

38. By engaging the in conduct described herein Defendant engaged in unlawful relation in violation of the FLSA.

39. Plaintiff has been harmed and continues to be harmed by Defendant's conduct described herein, and such retaliatory conduct was willful.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff pray that this Honorable Court:

A. Enter judgment against Defendant and in favor of Plaintiff;

B. Award compensatory damages to Plaintiff in the amount of his unpaid wages, as well as liquidated damages in an equal amount;

C. Award punitive damages to Plaintiff;

D. Award Plaintiff pre-judgment and post-judgment interest at the statutory rate; and

E. Award Plaintiff his costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7034 Braucher Street N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Shannon M. Draher*
Shannon M. Draher