IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RYAN KAETZEL, | ) |
|       Plaintiff, | ) CASE NO. 1:23-cv-01392-BMB |
| v. | ) JUDGE BRIDGET MEEHAN BRENNAN |
| CITY OF BEDFORD HEIGHTS, | ) **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL OF ALL CLAIMS WITH PREJUDICE** |
|       Defendant. | ) |

Plaintiff Ryan Kaetzel ("Plaintiff") and Defendant City of Bedford Heights ("Defendant") respectfully move this Court to approve the Settlement Agreement and Release of Claims ("Settlement") reached by the Parties, attached as **Exhibit A**. The Settlement seeks to resolve all claims that Plaintiff has or could have asserted against Defendant under the Fair Labor Standards Act 29 U.S.C. §§ 201, *et seq*. ("FLSA") and any applicable state and local wage-and-hour laws.

The Parties respectfully submit that the Settlement is fair and reasonable, and that it satisfies the criteria for approval under Section 16 of the FLSA, 29 U.S.C. § 216. The Settlement was achieved through diligent and thorough negotiations between the Parties' Counsel. If approved by the Court, the Settlement will result in a fair and reasonable settlement payment to Plaintiff.

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

**I.  THE ACTION**

On July 19, 2023, Plaintiff filed a Complaint against Defendant, asserting a claim for failure to pay overtime compensation in violation of the FLSA. (ECF No. 1). Specifically, Plaintiff alleged that he was not compensated for time he spent training and caring for his K-9 police dog. Plaintiff filed his Amended Complaint on July 25, 2023, to add an FLSA retaliation claim. (ECF

No. 4). Defendant filed its Answer to Plaintiff's Amended Complaint on August 15, 2023. (ECF No. 6).

Shortly after the Amended Complaint was filed, the Parties began discussing early resolution. During negotiations, the Parties discussed and debated their relative legal and factual positions. After exchanging settlement proposals, the Parties were able to reach an agreement to settle this case.

If approved by the Court, the Settlement will resolve all issues between Plaintiff and Defendant in this Action and as outlined in the Agreement.

## II.     THE SETTLEMENT TERMS

The total settlement amount is $30,000. Plaintiff will receive a total of $20,000 in unpaid overtime wages with all lawful deductions and contributions, including Defendant's contributions to the Ohio Police & Fire Pension Fund on behalf of Plaintiff. The Agreement also provides that Plaintiff's Counsel will receive a total payment of $10,000 for attorneys' fees and litigation expenses. In exchange for these payments, Plaintiff will dismiss this case with prejudice and the Parties will mutually release any claims that they may have against the other Party.

## III.     THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to 29 U.S.C. § 216(b) and, as explained below, Court approval is warranted. When evaluating whether to approve a settlement, the Court must determine whether there is a bona fide dispute, and whether the settlement is a fair resolution of the dispute. *Schneider v. Goodyear Tire & Rubber Co.*, No. 5:13CV2741, 2014 U.S. Dist. LEXIS 78117, at *4-5 (N.D. Ohio June 9, 2014).

### A. The Settlement Is a Fair Resolution of a Bona Fide Dispute.

Here, the Parties disputed whether Plaintiff was entitled to unpaid overtime, and if so, the amount of unpaid overtime for which Plaintiff should have been compensated. During negotiations, the Parties discussed and disputed their relative position on these issues. Although both Parties are confident in their positions, there is uncertainty as to how likely it is that either side may prevail on their claims.

The total settlement amount represents approximately one-half hour of Plaintiff's alleged unpaid overtime per day for the last three years. In addition to the total settlement amount, Defendant will make contributions to Plaintiff's Ohio Public Employees Retirement System account. As such, the Settlement is a fair resolution of this case, and approving the Settlement would serve the public's interest in this case to encourage a private resolution without further need to involve the Court's time and resources. When considering these factors, it is clear that the Agreement should be approved.

The Court should also approve the attorneys' fees and reimbursement of litigation expenses provided for in the Agreement. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

In this case, the Agreement provides that Plaintiffs' Counsel receive a total of $10,000 for their attorneys' fees and litigation expenses. Courts routinely approve a one-third fee in FLSA cases. *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *4-8 (S.D. Ohio Sept. 20, 2019). In fact, the "percentage approach is 'the most appropriate method for determining reasonable attorneys' fees' in wage and hour cases." *Id.* at *4 quoting *Swigart v. Fifth Third Bank*, 2014 WL 3447947, at *5 (S.D. Ohio July 11, 2014)). This "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, *5 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 WL 5023950 at *4 (N.D. Ohio July 27, 2018)); *Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-355, 2021 WL 1966062, *5-7 (S.D. Ohio May 17, 2021).

Plaintiff's Counsel accepted this case on a contingent fee basis and advanced all litigation expenses. In doing so, Plaintiffs' Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money with no guarantee of recovery. *See Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (S.D. Ohio Dec. 3, 2019); *see also, Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *15 (N.D. Ohio Mar. 26, 2019).

Accordingly, the Court should approve the attorneys' fee award and reimbursement of litigation expenses provided for in the Settlement.

IV.     **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as **Exhibit B**.

Respectfully submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **DILENO LAW, LLC** |
| *<u>/s/ Shannon M. Draher</u>*<br>Shannon M. Draher (0074304)<br>Hans A. Nilges (0076017)<br>7034 Braucher Street N.W., Suite B<br>North Canton, OH 44720<br>Telephone: (330) 470-4428<br>Facsimile: (330) 754-1430<br>Email: sdraher@ohlaborlaw.com<br>        hans@ohlaborlaw.com | *<u>/s/ Jon M. Dileno (with permission)</u>*<br>Jon M. Dileno (0040836)<br>14100 Ryan Drive<br>Walton Hills, OH 44146<br>Telephone: (216) 789-9013<br>Email: jmd@dilenolaw.com<br><br>*Counsel for Defendant* |
| *Counsel for Plaintiff* | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2023 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)

Counsel for Plaintiff
