# Exhibit A

Settlement Agreement and Release of Claims

| | |
|---|---|
| ORDINANCE NO.: | 2023- 059 |
| INTRODUCED BY: | Mayor Berger and Council Members Anderson, Brown, Kelso-Perez, Stevens, Tinker, Willis |

AN ORDINANCE AUTHORIZING THE MAYOR TO EXECUTE A SETTLEMENT AGREEMENT IN REGARD TO A CERTAIN LAWSUIT CAPTIONED RYAN KAETZEL v. CITY OF BEDFORD HEIGHTS, OHIO; U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION CASE NO.1:23-cv-01392-BMB, AND DECLARING AN EMERGENCY

WHEREAS, Plaintiff Ryan Kaetzel has filed a lawsuit in the United States District Court for the Northern District of Ohio, Eastern Division captioned Ryan Kaetzel v. City of Bedford Heights, Ohio pending before the Honorable Judge Bridget Meehan Brennan; and assigned Case No. 1:23-cv-01392-BMB; and

WHEREAS, the City of Bedford Heights has reached a settlement agreement with Plaintiff Ryan Kaetzel, a copy of which is attached hereto as Exhibit "A" and incorporated herein as if fully re-written; and

WHEREAS, terms of said settlement agreement provide the following monetary provisions: Plaintiff Kaetzel shall pay the sum of four thousand dollars for the purchase of the City's canine known as "Bosco" free and clear of any claims by the City of Bedford Heights; Defendant City of Bedford Heights shall pay the sum of twenty thousand dollars ($20,000) to Plaintiff Kaetzel and ten thousand dollars ($10,000 to Plaintiff Kaetzel's attorney, Shannon M. Draher, Esq. as and for attorney fees. The Plaintiff shall cause the captioned lawsuit to be dismissed with prejudice; All terms of the settlement agreement as outlined herein and as outlined in Exhibit "A" attached hereto are subject to the approval of the Court.

NOW THEREFORE, Be It Ordained by Council of Bedford Heights, Ohio, that:

Section 1: Council hereby authorizes Mayor Fletcher D. Berger to execute the settlement agreement (the terms of which are outlined above and in Exhibit "A" which is attached hereto and incorporated herein) of a certain lawsuit captioned Ryan Kaetzel v. City of Bedford Heights, Ohio; United States District Court for the Northern District of Ohio, Eastern Division, Case Number: 1:23-cv-01392-BMB pending before the Honorable Judge Bridget Meehan Brennan. Said settlement agreement's monetary consideration is as follows: Plaintiff Kaetzel shall pay the City of Bedford Heights the sum of four thousand dollars ($4,000) for possession and ownership of the canine known as "Bosco". Defendant City of Bedford Heights shall pay the total sum of thirty thousand dollars ($30,000) to Plaintiff Kaetzel and his attorney Shannon M. Draher Esq., in the following amounts: Twenty Thousand dollars ($20,000) shall be paid to Plaintiff Kaetzel; Ten Thousand dollars ($10,000) shall be paid to his attorney, Shannon M. Draher, Esq. as and for attorney fees. Plaintiff and his Counsel shall file a Dismissal with Prejudice of the case referenced above. In addition, the Plaintiff Ryan Kaetzel shall also waive and release any and all other potential clams regarding or related in any way to his employment with

the City of Bedford Heights. The terms of the settlement agreement outlined above and in Exhibit "A" attached hereto are expressly contingent upon the approval of the Court. Moreover, the terms of this Agreement shall not become effective until the Court's approval of this Settlement Agreement and the dismissal of this lawsuit with prejudice.

Section 2: The Finance Director is hereby authorized and directed to assume and pay from an appropriate fund, the amount of said settlement, authorized herein

Section 3: It is determined that all formal actions of this Council concerning and relating to the adoption of this Ordinance were adopted in an open meeting of this Council and all deliberations of this Council, and any of its committees, which resulted in formal action were in meetings open to the public, in compliance with all legal requirements.

Section 4: This Ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the health, safety, and welfare of the City; further it is in the best interest of the City to terminate the subject litigation as quickly and economically feasible and, therefore, this Ordinance shall take effect and be in force immediately upon its passage and approval by the Mayor, provided it receives at least five affirmative votes by members of Council; otherwise, it shall take effect and be in force from the earliest period allowed by law.

PASSED: SEPTEMBER 5, 2023

APPROVED: SEPTEMBER 5, 2023

EFFECTIVE: SEPTEMBER 5, 2023

PUBLISHED: SEPTEMBER 14, 2023

Fletcher D. Berger, Mayor

ATTEST:

Patricia F. Stahl, Clerk of Council

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Confidential Settlement Agreement and Release of Claims ("Agreement") is entered into between Ryan Kaetzel ("Plaintiff") and the City of Bedford Heights including its Mayor, directors, chiefs, managers, supervisors, commissioners, and council members ("Defendant"). Plaintiff and Defendant are also referred to as the "Parties."

## RECITALS

1. On July 19, 2023, Plaintiff filed a Complaint against Defendant in the United States District Court for the Northern District of Ohio, entitled *Ryan Kaetzel v. City of Bedford Heights*, Case No. 1:23-cv-01392 (the "Lawsuit"). Plaintiff filed an Amended Complaint on July 25, 2023. The Lawsuit alleges claims against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and seeks unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

2. The Parties agree that bona fide disputes exist between the Parties, including what amount, if any, Defendant owes Plaintiffs for unpaid overtime, liquidated damages, attorneys' fees and costs.

3. The Parties entered into settlement discussions shortly after the Lawsuit was filed. The Parties settled the case on August 3, 2023.

4. The Parties, by and through their respective counsel, in lieu of further litigation, reached a binding agreement to settle Plaintiff's claims and to resolve all disputes between them, on the terms set forth in this Agreement. Nothing in this Agreement is intended or will be construed as an admission or concession by any Party as to the merits of the claims asserted or that the Defendant has liability to Plaintiffs.

## SETTLEMENT PAYMENTS TO PLAINTIFF AND PLAINTIFF'S COUNSEL AND DISMISSAL OF THE LAWSUIT WITH PREJUDICE

5. **Total Settlement Payment:** The Total Settlement Payment is **$30,000.00** including: (a) the Settlement payment to Plaintiff; and (b) Plaintiff's attorneys' fees and expenses.

6. **Payment to Plaintiff:** The Total Settlement Payment of **$20,000.00** will be paid to Plaintiff as back wages. This check will be paid with all lawfully required tax deductions. The check will also identify Plaintiff's and Defendant's contribution to The Ohio Police & Fire Pension Fund ("OP&F").

Defendant will take all necessary steps, including but not limited to, providing OP&F with any required forms and documentation to report the back wages payment as additional earnable income in the amounts and for the periods defined above to OP&F no later than twenty-one (21) days after the Settlement has been approved by the Court.

1

7. **Plaintiff's Counsel's Attorneys' Fees and Costs:** The amount of **$10,000.00** will be paid to Plaintiff's Counsel representing reimbursement for costs advanced by Plaintiff's Counsel and attorneys' fees. Defendant will issue to Plaintiffs' Counsel a Form 1099.

8. **Court's Approval of Settlement and Dismissal of Lawsuit with Prejudice:** The terms of this Agreement will not become effective absent Court approval of this Agreement and of the dismissal of the Lawsuit with prejudice.

9. **Payment:** Defendant will deliver the settlement payments directly to Plaintiff's Counsel at **7034 Braucher Street, NW, Suite B, North Canton, Ohio 44720** no later than **15 days** after the Court's order approving the settlement and dismissal with prejudice. The settlement payments are expressly conditioned on the Court's approval of this Agreement, and no settlement payment will be made prior to such Court approval. Separate checks will be issued to Plaintiff as outlined above and Plaintiff's Counsel.

## PLAINTIFF'S PURCHASE OF THE K-9 OFFICER BOSCO

10. Defendant will sell Bosco to Plaintiff for **$4,000.00**. This amount will be paid directly to the City of Bedford Heights. Plaintiff will deliver this payment to Defendant's Counsel at 14100 Ryan Drive, Walton Hills, OH 44146 no later than **15 days** after the Court's order approving this Agreement and Plaintiff's dismissal of the Lawsuit with prejudice.

## MUTUAL RELEASE OF CLAIMS

11. **Mutual Release of all Claims by the Parties:** Except as otherwise provided in this Agreement, in consideration of the promises set forth in this Agreement, the Parties hereby, and as of the date this Agreement is executed, for themselves, their heirs, executors, successors, assigns, agents, representatives, attorneys, former and current officers, directors, chiefs, council members, members, agents, employees, insurers, spouses, children, predecessors, successors, subsidiaries, and related and affiliated entities, waive, release, acquit and forever discharge each and every other Party, whether herein named or referred to or not, from any and all past and present actions, causes of action, claims, demands, damages, costs, claims for attorneys' fees, expenses, compensation, third-party actions, suits at law or in equity, including claims or suits for contributions and/or indemnity, of whatever nature, fixed or contingent, and all consequential damages on account of or in any way growing out of any and all known and unknown damages, including, but not limited to, those asserted or could have been asserted in the Lawsuit or that relate in any way to Plaintiff's employment with Defendant.

The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, to participate in an investigative proceeding of any federal, state or local government agency; provided, however, that to the extent permitted by law, the Parties agree that if any administrative claim is made based on acts or events occurring at any time up to and including the date of the Court's approval of this Agreement, no Party shall be entitled to recover any monetary relief or other remedies, including equitable relief, it being understood and agreed that the consideration provided under this Agreement is in full satisfaction of any and all claims, disputes or causes of action for monetary remedies that any Party may have relative to any other Party.

12. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the settlement is fair, adequate and reasonable; and that the above payments constitute a fair and reasonable resolution of a bona fide dispute.

## OTHER TERMS

13. **No Assignment of Claims:** Plaintiff represents and warrants that Plaintiff is the sole and lawful owner of all rights, titles and interests in and to all released matters, claims and demands referred to herein. Plaintiff further represents and warrants that there have been no assignments or other transfers of any interest in any such matters, claims or demands that Plaintiff may have against Defendant.

14. **Breach:** If either Party breaches any of the terms and conditions of this Agreement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein and as determined by a Court of competent jurisdiction.

15. **Non-Admission of Liability/Non-concession:** The Parties acknowledge and agree that each of their participation in this Agreement is not to be construed as an admission of any wrongdoing or liability whatsoever by or on behalf of them; nor is it to be construed as a concession as to the merit of any claim.

16. **Acknowledgements:** The Parties acknowledge that each has been represented by counsel for the negotiation and settlement of this matter, and that each understands the terms of this Agreement, and is knowingly and voluntarily entering into it.

17. **Construction:** The Parties expressly agree and acknowledge that this Agreement is not to be construed against any of the Parties on the basis of which party drafted the Agreement.

18. **Counterparts:** This Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

19. **Severability:** The Parties agree that the terms of this Agreement are intended to be severable. If any term, provision, clause or item of this Agreement is declared to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the term, provision, clause or item should be reformed (if possible, or severed if not) to give maximum effect to the intentions of the Parties, and the remaining portions of the Agreement shall be enforced to give effect to the Parties' intentions to the maximum extent possible.

20. **Entire Agreement:** The Parties agree that this Agreement is the entire Agreement between them and represents their full and complete understanding. No prior or contemporaneous oral agreements may be offered to alter the terms of this Agreement. This Agreement shall be binding upon the Parties hereto and the Parties' heirs, executors, successors and assigns. This

Agreement may not be amended, modified or terminated, in whole or in part, except by a written instrument executed by the Parties.

21. **Interpretation and Jurisdiction.** This Agreement shall be interpreted under the laws of Ohio, and the Parties agree that the United States District Court for the Northern District of Ohio shall retain jurisdiction over this Agreement and the enforcement thereof.

22. **City Council Approval:** This Agreement is subject to and contingent upon passage by the City of Bedford Heights City Council.

WHEREFORE, the undersigned assert that they have read the foregoing Settlement Agreement and Release of Claims and declare that they have consulted with counsel and fully understand this Agreement and its legal significance, that they have had the opportunity to discuss tax consequences of payments made pursuant to this agreement with a tax professional and/or tax attorney of their choice, and voluntarily sign it below to signify their agreement with its terms.

| DATED: Sept. 7, 2023 | FOR DEFENDANT<br>By: _Fletcher Berger_<br>**Fletcher Berger. Mayor, City of Bedford Heights** |
|---|---|

| DATED:<br>09/12/2023 | PLAINTIFF<br>By: _[signature]_<br>**Ryan Kaetzel** |
|---|---|

9-07-2023

Approved as to legal form:

_[signature]_
s S. Cirincione, Law Director
City of Bedford Heights, Ohio

4